Huang v. Lynch

BIA
Nelson, IJ
A029 103 775

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand sixteen.

PRESENT:
JOSÉ A. CABRANES,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*
_____

BAO LIN HUANG,
    *Petitioner,*

    v.                                          15-2013
                                                NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:            John Chang, New York, New
                           York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Anthony
                           P. Nicastro, Acting Assistant
                           Director; D. Nicholas Harling, Trial
                           Attorney, Office of Immigration
                           Litigation, United States
                           Department of Justice, Washington,
                           D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bao Lin Huang, a native and citizen of China, seeks review of a June 18, 2015, decision of the BIA, affirming a November 19, 2013, decision of an Immigration Judge ("IJ") denying Huang's applications for cancellation of removal and asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao Lin Huang*, No. A029 103 775 (B.I.A. June 18, 2015), *aff'g* No. A029 103 775 (Immig. Ct. N.Y. City Nov. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We address only cancellation of removal. As the Government points out, Huang has not challenged the denial of asylum, withholding of removal, or CAT relief in this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding that claims not sufficiently argued in a brief are abandoned).

For an applicant, like Huang, who is not a lawful permanent resident to obtain cancellation of removal, he must establish, in relevant part, that his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or

child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."  8 U.S.C. § 1229b(b)(1)(D). Exceptional and extremely unusual hardship is "'substantially' beyond the ordinary hardship that would be expected" when a close family member leaves the country, and is limited to "truly exceptional" situations.  *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001); *accord Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008).  "[C]onsideration should be given to the age, health, and circumstances of the qualifying family members, including how a lower standard of living or adverse country conditions in the country of return might affect those relatives."  *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 468 (B.I.A. 2002).

The agency concluded that the hardship to Huang's qualifying relative—his 19-year-old U.S.-citizen son—did not rise to the level of exceptional and extremely unusual.  Our jurisdiction to review this decision is limited to "constitutional claims or questions of law."  *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *accord Barco-Sandoval*, 516 F.3d at 38-39.  Fact-finding is flawed by an error of law in the hardship context when "facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously

3

mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

Huang has not identified any error that rises to the level of a constitutional claim or question of law. He argues that the agency ignored medical evidence of his son's need for treatment of asthma and a depressive disorder and the testimony of his son's psychologist that his son's depression would be exacerbated by either returning to China with Huang or remaining in the United States without Huang. We do not mean to minimize his son's depression caused apparently in part by the possibility of Huang's removal, but Huang's argument is belied by the record. The agency explicitly acknowledged his son's health concerns and medical evidence (although the IJ noted that many of the medical records were illegible), and discussed the testimony of the psychologist. Accordingly, Huang has not shown an error of law, but is challenging the factual findings, that is, the level of hardship that Huang's son will suffer. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Barco-Sandoval*, 516 F.3d at 38–39.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

4

is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk